UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMI JENSEN, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>EVOLVE SKATEBOARDS PTY LTD, et al.,<br><br>   Defendants. | No. 1:20-cv-00110-NONE-JDP<br><br>ORDER GRANTING REQUEST TO SEAL<br><br>(Doc. No. 17) |

On July 8, 2020, defendant Evolve Skateboards PTY LTD filed a motion to dismiss this action. (Doc. No. 14.) Pursuant to Local Rules 140 and 141, defendant filed a notice of a request to file a redacted version of an attachment to their motion to dismiss and serve only that version on plaintiffs. (Doc. No. 17.) Plaintiffs have not indicated any objection to the request. Having reviewed the document defendant seeks to file in redacted form, the court will grant defendant's request.

**LEGAL STANDARD**

All documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public."). "Historically, courts have recognized a 'general right to inspect and copy public records and

1

documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).

Two standards generally govern requests to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010).[1]

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana*, 447 F.3d at 1180 (citations omitted). Under the "compelling reasons" standard applicable to dispositive motions such as defendant's motion to dismiss:

> [T]he court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

*Id.* at 1178–79 (internal quotation marks and citations omitted). The party seeking to seal a judicial record bears the burden of meeting the "compelling reasons" standard. *Id.* at 1178; *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).[2]

"In general, 'compelling reasons' sufficient to . . . justify sealing court records exist when such 'court files might . . . become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade

---

[1] The standards applicable to a request to seal apply generally to a request to redact. *See Arroyo v. United States Dep't of Homeland Sec.*, No. SACV 19-815 JGB (SHKx), 2019 WL 2912848, at *2 (C.D. Cal. June 20, 2019). No party has suggested a different standard applies here simply because defendant seeks to provide only the redacted version to plaintiffs.

[2] While the terms "dispositive" and "non-dispositive" motions are often used in this context, the Ninth Circuit has clarified that the "compelling reasons" standard applies whenever the motion at issue "is more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* "The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Id.* at 1178–79.

## ANALYSIS

Applying the "compelling reasons" standard to the proposed dispositive filing, the court finds that the document in question should remain redacted. Defendant requests to redact a few monetary figures contained on one page of a multi-page addendum to a distribution agreement attached to their motion to dismiss. (*See* Doc. Nos. 17, 17-1.) The text in question is part of a sales quota provision that appears to have been incorporated into the distribution agreement. (*Id.* at 17-1 at 32.) Defendant only seeks to redact six monetary figures: five annual monetary sales quotas for each of the five years of the agreement's duration and one figure that totals the five others. (*Id.*)

There appears to be little value to the public in releasing this information nor is there any indication that plaintiffs require the information to defend against the motion to dismiss. The redacted information consists of "confidential and proprietary information, including trade secrets relating to [defendant's] sales information, future sales projections and overall business model." (Doc. No. 17 at 2); *see also* 21 C.F.R. § 20.61 (defining trade secret information and confidential commercial information). As defendant notes, disclosure of this information "would tend to reveal [defendant's] business model, business strategies, and product development cycle. (*Id.* at 5.) The court therefore finds that the document should not appear on the public docket. *See Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011) ("The publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome" the strong presumption in favor of access.).

Here, having weighed the interests advanced by the parties in light of the public interest and the duty of the court, defendant's request to file this document under seal pursuant to Local Rule 141 will be granted.

Accordingly,

1. Defendant's request to redact the above-described information from its motion to dismiss (Doc. No. 17) is granted; and

2. The court orders that the unredacted version of the document be sent via email to ApprovedSealed@caed.uscourts.gov for filing under seal on the docket without service on plaintiffs.

IT IS SO ORDERED.

Dated: **July 24, 2020**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE