UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMI JENSEN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>EVOLVE SKATEBOARDS PTY LTD and EVOLVE SPORTS GROUP, LLC,<br><br>Defendants.<br><br>EVOLVE SPORTS GROUP, LLC,<br><br>Cross Claimant,<br><br>v.<br><br>EVOLVE SKATEBOARDS PTY LTD,<br><br>Cross Defendant. | No. 1:20-cv-00110-NONE-HBK<br><br>ORDER DISMISSING COMPLAINT AND CROSS-COMPLAINT FOR LACK OF SUBJECT-MATTER JURISDICTION, WITH LEAVE TO AMEND<br><br>(Doc. Nos. 1, 6, 14) |

On January 21, 2020, plaintiffs Tammi Jensen et al. commenced this products-liability action by filing a complaint against Evolve Skateboards PTY LTD and Evolve Sports Group, LLC. (Doc. No. 2.) Invoking the court's diversity jurisdiction under 28 U.S.C. § 1332, plaintiffs allege that they are all California residents; that defendant Evolve Skateboards PTY LTD ("Evolve Australia") is an Australian private company with a principal place of business in

1

Australia; and that defendant Evolve Sports Group, LLC ("Evolve USA"), is a limited liability company registered in Michigan with a principal place of business in California. (*Id.* ¶¶ 1–4, 9.) On March 6, 2020, defendant Evolve USA filed an answer and cross-complaint against defendant Evolve Australia, invoking the court's supplemental jurisdiction. (Doc. No. 6.) Defendant Evolve Australia filed a motion to dismiss plaintiffs' complaint on July 8, 2020. (Doc. No. 14.) For the reasons that follow, the court finds that the complaint fails to sufficiently allege that the court has subject-matter jurisdiction, and the court declines to exercise supplemental jurisdiction over the cross-complaint. The court will therefore dismiss *sua sponte* both the complaint and the cross-complaint with leave to amend and will hold the motion to dismiss in abeyance until the pleadings in this action are settled

**DISCUSSION**

**A.      Plaintiffs' Complaint**

Under 28 U.S.C. § 1332(a), federal district courts have jurisdiction over certain actions between citizens of different states (diversity jurisdiction) and certain actions including aliens or foreign states (alienage jurisdiction). Complete diversity is a requirement of 28 U.S.C. § 1332. Thus, the "citizenship of each plaintiff [must be] diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). "Complete diversity is required under 28 U.S.C. § 1332(a)(1) and under the alienage provisions, 28 U.S.C. § 1332(a)(2)-(3)." *Toro-Aire, Inc. v. Williams*, No. 13-CV-1719 DMS (RBB), 2013 WL 12186157, at *1 (S.D. Cal. July 25, 2013); *accord Wardle v. Jeanneau Am., Inc.*, No. C 05-02515-JF, 2005 WL 2333758, at *2 (N.D. Cal. Sept. 22, 2005) (citing *Depex Reina 9 Partnership v. Texas Intern. Petroleum Corp.,* 897 F.2d 461, 464-65 (10th Cir. 1990)) (no jurisdiction under § 1332 in case brought by California plaintiff against various defendants, including a California corporation and foreign corporation); 14A Arthur R. Miller, *Fed. Prac. & Proc. Juris.* § 3661 (4th ed.) (in matters involving aliens, district courts must dismiss actions when "diversity between the United States citizens in the action is not otherwise complete").

For diversity purposes, the citizenship of an individual is "determined by her state of domicile, not her state of residence." *Kanter v. Warner-Lamber Co.*, 265 F.3d 853, 857 (9th Cir.

2001). Foreign corporations are citizens of the state they are incorporated in. *JPMorgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd.*, 536 U.S. 88, 91–92 (2002). A limited liability company is the citizen of every state where its owners or members are citizens, regardless of its state of formation or principal place of business; the citizenship of all of its members must be alleged. *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 611–12 (9th Cir. 2016).

Here, there are least two deficiencies with the jurisdictional allegations set forth in the pending complaint. First, plaintiffs have alleged only their state of residence, not their state of citizenship. *Jeffcott v. Donovan*, 135 F.2d 213, 214 (9th Cir. 1943) (holding that complaint did not allege diversity where plaintiff alleged residency, but not citizenship, of the parties); *Xie v. De Young Properties 5418, L.P.*, No. 1:16-cv-01518-DAD-SKO, 2017 WL 1349013, at *6 (E.D. Cal. Apr. 6, 2017) (dismissing a complaint with leave to amend because plaintiffs had alleged their state of residence but not state of citizenship). Second, plaintiffs have not alleged the citizenship of the members of Evolve USA. *Newgen*, 840 F.3d at 611 (holding that a complaint failed to allege diversity by failing to allege the citizenship of members of LLC); *Encompass Grp., L.L.C. v. Evans*, No. 2:08-cv-00306-JAM-GGH, 2008 WL 3889584, at *1 (E.D. Cal. Aug. 13, 2008) (dismissing a complaint with leave to amend for lack of subject-matter jurisdiction where the LLC plaintiff alleged its principal place of business and state of incorporation but not the citizenship of its members). Accordingly, the court must dismiss the complaint. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653; *accord NewGen*, 840 F.3d at 612 (under § 1653, "[c]ourts may permit parties to amend defective allegations of jurisdiction at any stage in the proceedings."). Here, it is possible that plaintiffs may be able to amend their complaints to properly allege federal jurisdiction. Accordingly, plaintiffs will be granted leave to amend their complaints.

/////

/////

3

**B.     Standing With Respect to Wrongful-Death Claims**

Plaintiffs agree with defendant Evolve Australia that plaintiffs have failed to allege their relationship to the decedent and accordingly lack standing to pursue their wrongful-death claims. (Doc. No. 25 at 8–9.) Plaintiffs request leave to amend, (*id.* at 9), and the court will grant this request.

**C.     Cross-Complaint**

Defendant Evolve USA filed a cross-complaint against defendant Evolve Australia, seeking indemnification, contribution, and a declaratory judgment in connection therewith. (Doc. No. 6.) The cross-complaint seeks to invoke this court's supplemental jurisdiction under 28 U.S.C. § 1367. (*Id.* ¶ 122.) Because the court will dismiss all claims over which it purportedly had original jurisdiction, it will decline to exercise supplemental jurisdiction over the cross-complaint at this time. 28 U.S.C. § 1367(c)(3).

**CONCLUSION**

For the reasons explained above,

1.     Plaintiffs' complaint (Doc. No. 1) is DISMISSED for lack of subject matter jurisdiction;

2.     The court declines to exercise supplemental jurisdiction over the cross-complaint (Doc. No. 6) at this time;

3.     Within fourteen (14) days of the date of entry of this order, plaintiffs may amend their complaint to address: (a) the jurisdictional deficiency outlined above (i.e., whether there is complete diversity among the parties) and (b) their relationship to decedent for purposes of establishing standing to bring a wrongful-death action;[1]

4.     Within fourteen (14) days of the filing of any amended complaint by plaintiffs, defendant Evolve USA may file a cross-complaint; and

/////

---

[1] The fact that the court has limited its grant of leave to these two issues does not prohibit the parties from stipulating to further amendment, such as for the purpose of resolving additional issues raised in the pending motion to dismiss.

4

5. Within seven (7) days of the expiration of the cross-complaint deadline outlined above, the parties shall file a joint status report indicating whether they believe the pending motion to dismiss (Doc. No. 14) can move forward in whole or in part in its present form and be ruled upon by the court. The court recognizes that due to the ongoing judicial resource emergency in this district, this case, along with every other civil case before the undersigned, has experienced significant delays. The court will endeavor to address the pending motion expeditiously once the pleadings are settled. Meanwhile, the motion to dismiss will be held in abeyance.

IT IS SO ORDERED.

Dated: **June 29, 2021**

_____
UNITED STATES DISTRICT JUDGE